IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VETTER G. MOORE, | : | No. 4:CV-05-0556 |
| Plaintiff, | : | (Judge Jones) |
| v. | : | |
| IRS, U.S. JUDGE NEALON, | : | |
| U.S JUDGE CALDWELL, | : | |
| U.S. MAGISTRATE SMYSER, | : | |
| GOVERNMENT OF THE U.S.A. | : | |
| WARDEN SMITH, U.S. ATTORNEY | : | |
| GENERAL AND U.S. ATTORNEY, et al., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**April 29, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before us for disposition is a Petition for Writ of Habeas Corpus ("Petition") filed by Vetter G. Moore ("Moore" or "Plaintiff"), an inmate currently incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania. (See Rec. Doc. 1). U.S. Magistrate Judge Malachy Mannion, to whom this case was referred for preliminary review, previously issued an order construing the Petition as a civil rights action brought pursuant to 42 U.S.C. § 1983. (See Rec. Doc. 2).

In accordance with the Prison Litigation Reform Act of 1995, Title 28

1

U.S.C. § 1915A requires a district court to screen any complaint brought by a prisoner who seeks relief from a government employee for purposes of determining whether, inter alia, the complaint fails to present a viable cause of action. This initial screening is to be done as soon as practicable and need not await service of process. 28 U.S.C. § 1915A(a).

Magistrate Judge Mannion conducted the screening mandated by § 1915A, and rendered his Report and Recommendation to this Court on April 11, 2005, wherein he recommended that Plaintiff's Petition be dismissed for failure to state a claim upon which relief may be granted as to all defendants. Moore has filed objections to the Magistrate's Report and Recommendation and this matter is now ripe for our review. (See Rec. Doc. 9). For the reasons which follow we will adopt the recommendation of Judge Mannion and deny the Petition.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. § 636(b)(1); Local Rule 72.31. District judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a de novo

review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**DISCUSSION**

Title 28 United States Code, Section 1915(g) provides:

(g)   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On his Application to Proceed In Forma Pauperis ("Application"), Moore, wrote, under penalty of perjury, that he has not brought three or more frivolous actions while incarcerated.  (See Application at 1).  However, as Magistrate Judge Mannion noted, Moore has filed at least 115 actions in the federal courts of the United States and at least three within the Middle District of Pennsylvania, all of which were dismissed due to their frivolous nature and failure to state claims upon which relief could be granted.  Therefore, it is clear that Moore falsified his Application in an attempt to proceed with this action in forma pauperis.

Despite this material misrepresentation, which ordinarily would be fatal to his case, Moore also appears to argue that his case should be permitted to proceed because of the exception under § 1915 for prisoners in "imminent danger."  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001)(en banc).  In support of this ground, Moore makes the incredible, unsubstantiated, and bald allegation that on December 27, 2004, the warden at USP-Lewisburg paid inmates and staff-members to attack him.  We agree with Magistrate Judge Mannion that this allegation is entirely frivolous.  See Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998)("discrediting factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the "irrational or wholly incredible.")(quoting Denton v. Hernandez, 504 U.S. 25, 33 (1992).  In Denton, the Supreme Court remarked that "we are confident that the district courts, who are all too familiar with factually frivolous claims, are in the best position to determine which cases fall into this category."  Denton, 504 U.S. at 33. Moore presents us with nothing which is probative of his claim that others were paid to attack him, and his submissions contain no exhibits such as affidavits, administrative records, or other documentation of any kind substantiating his contention, which as noted is incredible on its face.  We therefore utilize the discretion afforded to us and determine that Moore's claim of imminent danger is

indeed frivolous and not worthy of belief.  Accordingly, Moore cannot avail himself of the "imminent danger" exception as it relates to the Petition.

Finally, we note that while Moore's submitted objections are almost entirely illegible and incomprehensible, we can conceive of no legal argument that he might interpose at this juncture to save his case.  Simply stated, Moore lied in his Application and now seeks to rescue himself through an assertion which we judge to be similarly contrived and unbelievable.  Accordingly, as we find no error in Magistrate Judge Mannion's well-reasoned Report and Recommendation, we will adopt it as our own.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Report and Recommendation (Rec. Doc. 8) issued on April 11, 2005 by Magistrate Judge Mannion is adopted in its entirety.

2. Defendant's Petition for Writ of Habeas Corpus (Rec. Doc. 1), which is construed as a civil rights action pursuant to 42 U.S.C. § 1983, is hereby DENIED.

3. Plaintiff's Motion for Release from Administrative Detention (Rec. Doc. 10) is DENIED as moot.

3. The Clerk is directed to close the file on this case.

s/ John E. Jones III  
John E. Jones III  
United States District Judge